**Marvin P. JONES, M.D., Plaintiff,**

*v.*

**WESTSIDE–URBAN HEALTH CENTER, INC., Curtis W. Cooper, individually and as Executive Director, and William J. Milton, individually and as Medical Director, Defendants.**

Civ. A. No. 490–229.

United States District Court,
S.D. Georgia,
Savannah Division.

June 5, 1991.

---

Gregory G. Johnson, East Orange, N.J., Charles R. Floyd, Jr., Atlanta, Ga., for plaintiff.

Malcolm R. Maclean, R. Jason D'Cruz, Wade W. Herring, II, Savannah, Ga., for defendants.

## ORDER

ALAIMO, District Judge.

On April 30, 1991, a jury found in favor of defendants in this discrimination suit filed pursuant to the Equal Pay Act of 1963, 29 U.S.C. §§ 206 and 215(a)(3). Presently before the Court is plaintiff's motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. Plaintiff asserts two reasons for granting either a judgment notwithstanding the verdict or a new trial. First, plaintiff asserts that he proved a *prima facie* case of retaliatory discharge and, therefore, he should have prevailed on his retaliation claim. Second, plaintiff asserts that the interrogatories to the jury, to which plaintiff failed to object, were not specific enough to allow the jury to consider the full scope of plaintiff's damages for his retaliation claim.

Both arguments miss the mark. First, a plaintiff does not always win at trial merely because he establishes a *prima facie* case. This case is a good example. Defendants can, and in this case did, successfully rebut plaintiffs *prima facie* case. Second, plaintiff's objection to the jury interrogatory is both late and irrelevant. The jury flatly rejected plaintiff's retaliation claim. It is irrelevant that plaintiff forgot to request they consider a specific item of damages for that rejected retaliation claim. Therefore, plaintiff's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial must be denied.

## FACTS

The following facts were adduced at the April 29 and 30, 1991, trial of this case. Defendant, Westside–Urban Health Center, Inc. ("Westside"), is a federally supported health care organization located in Savannah, Georgia. Westside hired the plaintiff, Dr. Marvin P. Jones, on July 8, 1987, as a

staff physician in internal medicine. When Jones was hired, he had just completed his residency program and was not certified by the American Board of Internal Medicine. To determine the salaries of all physicians, Westside uses a written compensation plan. Under the plan, Jones received $54,485.85 annual compensation.

Westside hired Dr. Greer Larned, a female physician, in 1986, as a pediatrician. Larned came to Westside with 12 years of experience as a practicing pediatrician. Additionally, she was certified by the American Board of Pediatrics. Prior to her employment at Westside, she earned $69,-500 a year. Under Westside's compensation plan, her starting salary was $59,-538.20.

Plaintiff was a participant in the National Health Service Corps Scholarship program in which he agreed to work at a selected medical site, such as Westside, from July 1987 until July 1991 in exchange for the Government forgiving all of his loan obligations. Plaintiff apparently believed he had only a three-year obligation at Westside and, in 1990, plaintiff finalized all plans to begin his private practice. Shortly after he realized his obligation to the Government lasted through 1991, plaintiff began to complain about his salary. In early April 1990, plaintiff met with his supervisors at Westside to complain about the fact that he received less pay than Dr. Larned. Plaintiff told his supervisors that internists should make more money than pediatricians. Plaintiff's complaints had absolutely nothing to do with sex discrimination.

Even before demanding that internists receive more pay, plaintiff had an attendance problem. After his demands, his attendance became substantially worse and he all but refused to come to work. Nurses at Westside recalled several occasions when elderly, sick and indigent patients would make special arrangements to get to Westside for treatment. These patients would be turned away because plaintiff had not bothered to show up for work that day. Attendance was not plaintiff's only problem. Colleague after colleague testified that plaintiff was extremely hard to work with. While his skills as a physician were more than adequate, "Marvelous Marvin"—as plaintiff calls himself—had inadequate interpersonal skills.

Once it became certain that plaintiff simply would not work unless he was paid as much as a more-experienced, more-qualified pediatrician, Westside fired plaintiff. After he was terminated, plaintiff filed the present suit claiming that he was paid less than Dr. Larned because of his sex. Plaintiff also claimed that Westside wrongfully fired him in retaliation for complaining about sex discrimination.

The Court submitted special interrogatories to the jury. Plaintiff never objected to the interrogatories. Regarding plaintiff's retaliation claim, the first interrogatory stated:

> Do you find that plaintiff has proven: (a) that he claimed he was the victim of sex discrimination in the spring of 1990; (b) that he was terminated; and (c) that he was terminated for claiming sex discrimination based on being paid less than Dr. Larned?

If the jury found that plaintiff was the victim of retaliation, then they were to consider damages. Specifically, the jury was asked:

> What sum do you find the plaintiff has proven as his damages for retaliatory discharge?

The jury found that plaintiff was not retaliated against; therefore, they never reached the question of retaliation damages. After losing at trial, plaintiff filed the present motion. With these facts in mind, the Court proceeds to consider the standards for granting a motion for judgment notwithstanding the verdict and a motion for a new trial.

DISCUSSION

██ A motion for judgment notwithstanding the verdict is governed by Rule 50(b) of the Federal Rules of Civil Procedure. It is essentially a delayed directed verdict motion. In assessing its merit, the evidence adduced at trial must be viewed in the light most favorable to the party who

secured the jury verdict. *O'Neil v. W.R. Grace & Co.*, 410 F.2d 908 (5th Cir.1969). If there is substantial evidence opposed to the motion, the motion must be denied. *Zaklama v. Mt. Sinai Medical Center*, 842 F.2d 291 (11th Cir.1988).

■ New trials, on the other hand, may be ordered for any reason recognized at common law. Fed.R.Civ.P. 59(a). Even if there is not a sufficient basis for granting a motion for judgment notwithstanding the verdict, a new trial may be ordered where the verdict is against the great weight of the evidence. However, a trial judge's discretion to set aside a jury verdict based on the weight of the evidence is still very narrow. *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1559 (11th Cir.1984). To assure that a judge does not substitute his judgment for that of the jury, new trials should be granted on evidentiary grounds when the verdict is against the great—not merely the greater—weight of the evidence. *Id.* at 1556; *Ard v. Southwest Forest Indus.*, 849 F.2d 517, 520 (11th Cir. 1988). With these standards in mind, it is clear that neither a judgment notwithstanding the verdict nor a new trial is warranted.

■ Plaintiff asks this Court to disturb the jury verdict because he established a *prima facie* case of retaliation. Whether or not plaintiff established a *prima facie* case is simply irrelevant at this stage of the proceedings. Establishing a *prima facie* case merely shifts the burden to the defendants. The trial evidence overwhelmingly demonstrates that defendants successfully rebutted any *prima facie* case plaintiff may have established. Defendants had sound reasons for firing plaintiff—one of the main reasons was that he no longer showed up for work. On a more fundamental level, it is abundantly clear that plaintiff never complained of sex discrimination until he filed this suit. He complained about medical *specialty* dis-

crimination. As plaintiff admitted at trial, he felt internists should make more money than pediatricians, regardless of their experience and qualifications.

The Equal Pay Act protects employees from receiving lower wages because of their sex. *See* Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1). It also protects employees from retaliation by employers who would punish them for complaining of sex discrimination. *See, id.* at § 215(a)(3). However, the Equal Pay Act does not ensure that internists receive the same salary as pediatricians. In summary, the evidence overwhelmingly supports the jury's verdict finding no retaliation. Plaintiff never complained of sexual discrimination. Westside did not retaliate against plaintiff for a claim which had yet to be voiced. The evidence adduced at trial strongly supports the jury's verdict on the retaliation claim, and plaintiff's contentions to the contrary are without merit.

■ Plaintiff also contends that the interrogatories to the jury, to which plaintiff failed to object, were not specific enough to allow the jury to consider the full scope of plaintiff's damages for his retaliation claim.[1] At trial, plaintiff barely proffered any evidence on the issue of damages, so it is difficult for the Court to guess at what specific damages plaintiff would have liked the jury to consider. Apparently, plaintiff is arguing that one of the ways Westside retaliated against him was by denying him leave and sick benefits and that the jury should have considered this specific issue of damages.

Rule 49(a) of the Federal Rules of Civil Procedure states that, if a Court omits an issue which the jury should have considered:

> each party waives the right to a trial by jury on the issue so omitted unless before the jury retires the party demands its submission to the jury. As to an issue omitted without such demand the

---

1. By selectively lifting language out of the jury interrogatories, plaintiff also claims that the retaliation interrogatory required him to prove too much. Plaintiff claims the interrogatory required him to prove that he was the victim of

sex discrimination. Plaintiff is wrong. The interrogatory requires plaintiff to prove *"that he claimed* he was the victim of sex discrimination."

court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.

Fed.R.Civ.P. 49(a).

Although plaintiff was given the opportunity to submit proposed jury interrogatories to the Court, plaintiff failed to submit an interrogatory on sick leave damages. Furthermore, plaintiff never objected to the omission of a sick leave damages interrogatory.

As previously explained, the evidence clearly shows that plaintiff did not advance a sex discrimination complaint. Not until he filed this suit did he express the contention that it was sex, and not medical specialty, which formed the basis of his complaint. Plaintiff was fired because he refused to work when Westside would not pay him—an inexperienced, uncertified internist—the same salary as a seasoned, board-certified pediatrician. Stated simply, no wrongful retaliation occurred and no damages may be recovered for a nonexistent wrongful act. The Court finds that no jury could have rewarded plaintiff damages for denial of his sick leave benefits.

CONCLUSION

The evidence in this case overwhelmingly supported the jury's verdict that no wrongful retaliation occurred. Westside had several reasons which would justify terminating plaintiff, including his refusal to work and his difficulty getting along with the Westside staff. Totally absent from the trial of this case was any evidence showing that a complaint about sex discrimination entered into Westside's decision to terminate plaintiff. The damages plaintiff complained of were of his own making when he refused to work at his scheduled level of compensation. Accordingly, plaintiff's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial is hereby DENIED.

SO ORDERED.