Frances M. WALLS, Plaintiff–Appellant.

v.

BUTTON GWINNETT BANCORP, INC., Button Gwinnett Savings Bank, Defendants–Appellees.

No. 92–8680.

United States Court of Appeals, Eleventh Circuit.

Sept. 15, 1993.

Rehearing Denied Oct. 25, 1993.

Robert C.D. McDonald, Office of Robert C.D. McDonald, Leslie Stewart, Norcross, GA, for plaintiff-appellant.

Lynn C. Stewart, Schreeder, Wheeler and Flint, Atlanta, GA, for defendants-appellees.

Before FAY and DUBINA, Circuit Judges, and GIBSON *, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge:

Francis Walls filed suit against her former employer, Button Gwinnett Bank ("Bank"), alleging her termination violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1988), and Title VII of the 1964 Civil Rights Act. On January 23, 1992, the ADEA portion of the case was tried before a jury. After a jury verdict in Walls' favor, the court granted the Bank's motion for judgment as a matter of law and alternative motion for a new trial. Walls appeals both orders. We reverse and order the district court to reinstate the jury verdict in Walls' favor.

## I. BACKGROUND

On May 15, 1988, Walls was hired by the Bank as a treasurer, controller, and chief financial officer; she was 58 years old. Walls had more than 25 years of experience in the savings and loan industry, and performed financial, budgeting, auditing and accounting duties at the Bank. During her employment, she received positive recommendations, received a merit increase at the end of January, 1989, and was promoted to Senior Vice President on April 20, 1989. In November, 1989, the Bank decided to convert from a savings and loan institution to a commercial bank. One month later, the Bank hired Christopher Fluehr to oversee the transition and act as a consultant.[1] In January, 1990, Fluehr interviewed all employees

and reviewed their personnel files, which contained information concerning each employee's age. In a deposition, Fluehr admitted that he tended to look at age when reviewing personnel files. Sometime in mid-January, Fluehr and Walls had a disagreement concerning the posting of a loan; Michael Allen, who was then president of the bank, testified that shortly after the disagreement Fluehr stated "this old lady can't work for me." At trial, Fluehr denied making the comment. On January 26, 1990, Fluehr asked Walls how old her secretary was, and Walls responded that she thought that was a rather personal question. Fleuhr then said, in Allen's presence, "Well, I know how old you are." At trial Fluehr testified that he probably made a comment about Walls' age, but that he often joked about age. On February 8, 1990, Walls received a memo from Fluehr stating that Fluehr had hired Jeff Wyatt to act as a consultant for the Bank. On February 9, Fluehr asked Walls to resign from the Bank, and on February 12, Wyatt, who was then 33 years old, started with the Bank.

Walls filed suit against the Bank, alleging her termination violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1988), and Title VII of the 1964 Civil Rights Act. The ADEA portion of the case was tried before a jury beginning on January 23, 1992.[2] The jury found that the Bank had discriminated against Walls because of her age, and awarded her $51,200 as damages for the Bank's actions. The Bank then moved for judgment as a matter of law under Fed.R.Civ.P. 50(b), and alternatively, for a new trial under Fed. R.Civ.P. 59(a). In granting the Bank's motion for judgment as a matter of law, the district court stated there was no credible direct evidence of discrimination, Walls did not rebut the Bank's legitimate nondiscriminatory reasons for its actions, and Walls failed to carry her burden on the issue of

---

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. Fluehr became president of the bank in March, 1990.

2. On January 24, 1992 the Title VII portion of the case was tried to the court, which ruled in favor of the Bank. Walls does not appeal that ruling.

pretext. In granting the Bank's alternative motion for a new trial, the court found that the verdict was against the great weight of the evidence and resulted in a miscarriage of justice. Walls appeals both orders. We reverse and order the district court to reinstate the jury verdict.

## II. DISCUSSION

■ Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age," if that individual is at least 40 years of age. 29 U.S.C. §§ 623(a), 631(a). The plaintiff bears the ultimate burden of proving that age was a determinative factor in the employer's decision to terminate the employment. *Young v. General Foods Corp.*, 840 F.2d 825, 828 (11th Cir.1988), *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989).

### A. Motion for Judgment as a Matter of Law

■ We review the district court's order granting the Bank's motion for judgment as a matter of law under the same standard applied by the district court. This court has held that reviewing courts must view the evidence

"in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion[ ] is proper. On the other hand, if there is substantial evidence opposed to the motion[ ], that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion[ ] should be denied."

*Wilson v. S & L Acquisition Co., L.P.*, 940 F.2d 1429, 1436 (11th Cir.1991) (per curiam) (quoting *Boeing Co. v. Shipman*, 411 F.2d

365, 374 (5th Cir.1969)).[3] It is improper to grant a judgment as a matter of law if "the evidence is such that 'reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions.'" *MacPherson v. University of Montevallo*, 922 F.2d 766, 770 (11th Cir.1991) (citations omitted).

After reviewing the record in the light most favorable to Walls, we conclude there was substantial evidence upon which reasonable persons could differ as to whether Walls was discharged because of her age. *Boeing*, 411 F.2d at 374. As the district court noted, Walls introduced sufficient evidence to establish a prima facie case. The Bank then presented its evidence that Walls was terminated for various nondiscriminatory reasons, i.e., the change to a commercial bank, the elimination of Wall's position, and the Bank's need for a new management team with commercial banking experience. However, the evidence presented to the jury was such that a reasonable person could conclude the Bank' justifications were merely pretexts for discrimination. Walls introduced evidence that Fluehr stated he relied on age when reviewing personnel files, that Fluehr told Walls he knew how old she was, and that Fluehr told Allen that "that old lady can't work for me." Walls also introduced evidence that she was 59 years old when she was discharged by the Bank, that she had good job reviews and had received a promotion, that the Bank had hired a 33–year old male to act as a consultant three days after her termination, and that she was qualified for several other positions in the Bank. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981) (a plaintiff may establish pretext "either directly by persuading the court that a discriminatory reason more likely [than not] motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.") Though some of the testimony and evidence at trial was conflicting, it was the jury's function to weigh the evidence and make credibility determinations. *See Castle v. Sangamo Weston, Inc.*,

---

3. The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981 in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

837 F.2d 1550, 1559 (11th Cir.1988) ("Neither the district courts nor the appellate courts are free to reweigh the evidence and substitute their judgment for that of the jury.") There was enough evidence for the jury to find that the Bank's explanation for Wall's termination was pretextual and the Bank discharged Walls because of her age. Thus, the district court erred in granting the Bank's motion for judgment as a matter of law.

### B. Motion for new trial

■ Walls argues the court erred in granting the Bank's motion for new trial because the jury verdict was not contrary to the evidence presented at trial. We review a district court's decision to grant a new trial under the abuse of discretion standard. *Ard v. Southwest Forest Industries*, 849 F.2d 517, 520 (11th Cir.1988). However, "[w]hen a district court grants a new trial because the verdict is against the weight of the evidence, this court's review will be extremely stringent to protect a party's right to a jury trial." *Redd v. City of Phenix City, Ala.*, 934 F.2d 1211, 1215 (11th Cir.1991). Our reasoning for reversing the court's judgment as a matter of law also supports our conclusion that the jury verdict was not contrary to the weight of the evidence, and the district court erred in granting the Bank's motion for a new trial. "[T]he district judge should not substitute his own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury." *Id.* (citing *Rosenfield v. Wellington Leisure Products, Inc.*, 827 F.2d 1493, 1498 (11th Cir.1987) (per curiam) (citation omitted)).

### III. CONCLUSION

For the foregoing reasons, we reverse the district court's order granting the Bank's motion for judgment as a matter of law. We also reverse the district court's grant of a new trial and order the district court to reinstate the jury verdict.

REVERSED and REMANDED.