Cecil R. ARNOLD, Plaintiff,

v.

RAYONIER, INCORPORATED,
Defendant.

No. CIV. A. CV297–46.

United States District Court,
S.D. Georgia,
Brunswick Division.

June 4, 1998.

Richard D. Phillips, Ludowici, GA, for plaintiff.

Donna Linn Crossland, Fendig, McLemore, Taylor & Whitworth, Brunswick, GA, Guy O. Farmer, II, Melissa O. Hanson, Foley & Lardner, Jacksonville, FL, Terry A. Roberts, Seatac, WA, defendants.

### *ORDER*

Plaintiff, Cecil R. Arnold ("Arnold"), filed suit against his former employer, Rayonier, Incorporated ("Rayonier"), alleging that he was terminated in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b). After a two day trial, the jury returned a verdict in favor of Defendant. Currently before the Court is Plaintiff's Renewed Motion for Judgment as a Matter of Law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure or, in the alternative, for a New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion will be DENIED.

### *FACTS*

Rayonier, a North Carolina corporation, manufactures dissolving cellulose and fluff pulp. It has two mills, one in Fernandina, Florida, and the other in Jesup, Georgia (the "Jesup mill"). Arnold began working in the

finishing department of the Jesup mill in June of 1974. Over the years, he performed a variety of jobs in the finishing department. These positions included cleanup, rollover operator, scaler, baler, stenciler, trucker, label operator, rewinder operator and relief foreman. Arnold began as an hourly employee, but was promoted to the salaried position of finishing foreman in 1976.[1] He worked as a finishing foreman until he was terminated on September 9, 1996. He was forty-six years old at the time of his discharge.[2]

## DISCUSSION

### I. Judgment as a Matter of Law

Arnold contends that the Court should grant his Motion for Judgment as a Matter of Law because Rayonier failed to present a legitimate, nondiscriminatory reason for his termination. (Pl.'s Mot. J. Matter Law ¶ 4). At trial, Rayonier claimed that Arnold was terminated as part of a necessary reduction-in-force. (Trial Tr. at 2:130). Arnold argues that this explanation is insufficient since the work force necessarily is reduced anytime an employee is terminated. (Pl.'s Mot. J. Matter Law ¶ 4).

A federal court may grant judgment as a matter of law "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue . . . ." Fed.R.Civ.P. 50(a). If a federal court declines to grant a party's motion for judgment as a matter of law during trial, the "movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment . . . ." Fed.R.Civ.P. 50(b).

In ruling on a motion for judgment as a matter of law, the Court considers "all the evidence, and the inferences drawn therefrom, in the light most favorable to the nonmoving party." *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989). The Court should grant the motion only if it finds that "there can be but one reasonable conclusion as to the proper judgment." *Bryan v. James E. Holmes Regional Medical Center*, 33 F.3d 1318, 1333 (11th Cir.1994), *cert. denied*, 514 U.S. 1019, 115 S.Ct. 1363, 131 L.Ed.2d 220 (1995) (internal citation omitted). On the other hand, if there is substantial evidence upon which a jury reasonably could find for the nonmoving party, the motion should be denied. *Isenbergh v. Knight–Ridder Newspaper Sales, Inc.*, 97 F.3d 436, 439 (11th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 2511, 138 L.Ed.2d 1014 (1997); *Carter*, 870 F.2d at 581.

Plaintiff brought his action pursuant to the ADEA, which makes it unlawful for an employer to discharge or otherwise discriminate against an employee on the basis of age. 29 U.S.C.A. § 623(a) (1985). When a plaintiff relies on circumstantial evidence to prove unlawful discrimination, as in this case, the Court follows the test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this test, the plaintiff has the initial burden to establish a prima facie case of age discrimination. *Id.* at 802, 93 S.Ct. at 1824, 36 L.Ed.2d at 677–78. Once the plaintiff establishes the prima facie case, the burden shifts to the defendant to produce some "legitimate, nondiscriminatory reason" for the adverse employment decision. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207, 216 (1981). The defendant only is required to articulate, not prove, a nondiscriminatory reason. *Id.* Thus, the burden in this respect is "exceedingly light." *Walker v. NationsBank*, 53 F.3d 1548, 1556 (11th Cir.1995) (quoting *Perryman v. Johnson Prod. Co.*, 698 F.2d 1138, 1142 (11th Cir.1983)). If the defendant meets this burden, the presumption raised by the prima facie case is rebutted. Then, the plaintiff must prove by a preponderance of the evidence that the employer's proffered reason was not its true motivation, but a pretext for discrimination. *Burdine*,

---

1. Rayonier employs both hourly and salaried employees at its Jesup mill. The hourly employees are represented by one of four unions at the mill, and their working conditions are determined through collective bargaining. Salaried employees, on the other hand, are not represented by a union. Instead, their working conditions are set by Rayonier officials.

2. Arnold was one of ten salaried employees terminated by Rayonier on September 9, 1996. Rayonier discharged four employees in the environmental control department, three employees in the finishing department, two employees in the maintenance department and one employee in the technical department.

450 U.S. at 256, 101 S.Ct. at 1095, 67 L.Ed.2d at 217.

■ In this case, there was ample evidence for a jury to conclude that Defendant articulated a legitimate, nondiscriminatory reason for Plaintiff's termination. At trial, Defendant demonstrated that a decline in the price of pulp caused the Jesup mill to experience financial difficulty during 1996. Royce Daniel ("Daniel"), general manager of the Jesup mill, testified that there was an "unprecedented fifty-percent drop in world commodity paper and fluff pulp prices," and that as a result, profitability for the Jesup mill was "far less than the prior year." (Trial Tr. at 2:77, 2:79). He explained that Rayonier's poor financial situation necessitated a reduction in the number of salaried employees at the Jesup mill. While the mill attempted to use other means to lower costs, such as reducing its energy, water, and maintenance expenses, Daniel testified that "as a last resort" it was necessary for the mill "to make some changes in [its] salaried organization." (*Id.* at 2:129). Moreover, there is evidence that these changes were not made arbitrarily, but instead, resulted from thorough research and consideration. (*Id.* at 2:82). Ultimately, Rayonier officials decided that they could eliminate Arnold's position in the finishing department and spread his duties between a number of remaining positions without reducing production. (*Id.* at 2:134). Daniel testified that Plaintiff's duties were reassigned to the supervisors and lead operators in the finishing department, the shift superintendents, and the shift quality supervisors. (*Id.* at 2:134–35).

In several cases, courts have found the elimination of an employee's position due to a reduction-in-force to be a legitimate, non-discriminatory reason for a discharge. *See Coutu v. Martin County Bd. of County Commissoners,* 47 F.3d 1068, 1070 (11th Cir.1995) (affirming a directed verdict in favor of the employer where it claimed that the plaintiff was discharged pursuant to a necessary reduction-in-force and the plaintiff failed to produce evidence to the contrary); *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1084 n. 5 (11th Cir.1990) (affirming the grant of summary judgment in favor of the employer because the plaintiff failed to show that the reduction-in-force was motivated by a discriminatory reason); *Ward v. Gulfstream Aerospace Corp.,* 894 F.Supp. 1573, 1581 (S.D.Ga.1995) (holding that the employer was entitled to summary judgment because the plaintiff failed to show that the employer's proffered explanation of a reduction-in-force was a mere pretext). In this case, there is evidence that Rayonier acted for legitimate economic reasons in reducing its work force. *See Walker,* 53 F.3d at 1556. Accordingly, the Court will deny Plaintiff's Motion for Judgment as a Matter of Law.

## II. *New Trial*

### A. Sufficiency of the Evidence

Alternatively, Plaintiff contends that he is entitled to a new trial because the jury verdict is contrary to law and against the great weight of the evidence. (Pl.'s Mot. New Trial ¶¶ 1–3). Defendant, on the other hand, claims that the verdict is consistent with the law and supported by the evidence. (Def.'s Opp'n Pl.'s Mot. New Trial at 1).

■ A motion for new trial is governed by Rule 59 of the Federal Rules of Civil Procedure. A district court may grant a new trial for "any reason recognized at common law." *Jones v. Westside–Urban Health Ctr., Inc.,* 771 F.Supp. 359, 360 (S.D.Ga.1991). Even if there is not a sufficient basis for granting a motion for judgment as a matter of law, a new trial may be ordered where the verdict is against the great weight of the evidence. *Simon v. Shearson Lehman Bros., Inc.,* 895 F.2d 1304, 1310 (11th Cir.), *aff'd in part and rev'd in part on other grounds,* 895 F.2d 1304 (11th Cir.1990); *Jones,* 771 F.Supp. at 360. In determining whether a new trial should be granted, a district court may reexamine the evidence. *Watts v. Great Atlantic and Pacific Tea Co.,* 842 F.2d 307, 310 (11th Cir.1988). However, the court "should not substitute [its] own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury." *Walls v. Button Gwinnett Bancorp., Inc.,* 1 F.3d 1198, 1200 (11th Cir.1993) (internal citations omitted).

■ The Court finds that the verdict in this case is supported by substantial evidence. As previously stated, Defendant articulated a legitimate, nondiscriminatory reason for Plaintiff's discharge, namely, that his position was eliminated as part of a necessary reduction-in-force. *See* discussion *supra* Part I. Defendant produced evidence that the Jesup mill suffered financial difficulty during 1996, and as a result, had to reduce its number of salaried employees in order to remain profitable. (Trial Tr. at 2:77, 2:79, 2:129). The evidence showed that Plaintiff's position was eliminated not because he was an older employee but, rather, because his duties could be dispersed among the remaining positions. (*Id.* at 2:134).

Plaintiff claimed that Defendant's proffered explanation was merely a pretext for discrimination. He contended that several positions were available at the Jesup mill at the time of his discharge, and that Rayonier discriminated against him on the basis of age when it failed to transfer him to any of those positions. (*Id.* at 1:52–56). Specifically, Plaintiff claimed that he was qualified to work in the following available positions: shift quality supervisor, shift superintendent, first line supervisor in the utilities department, and warehouse foreman. (*Id.* at 1:28, 1:45, 1:52, 1:55). In support of his claim, three of Plaintiff's co-workers, who also were terminated by Rayonier on the same day as Plaintiff, testified that he was qualified to assume these positions, but that Rayonier transferred younger, less experienced employees into the positions instead. (*Id.* at 1:95, 1:114–119, 2:39).

Defendant argued and presented evidence that Plaintiff was not as qualified as the employees it placed in the available positions. At trial, Daniel explained that the only positions available at the time of Arnold's discharge were outside of the finishing department, yet Arnold's experience was limited to that department. (*Id.* at 2:138). Similarly, William Burch, manager of operations at the Jesup mill, testified that Arnold lacked the skills necessary to fill the available positions since he had worked only in the finishing department. (*Id.* at 2:178–182). A jury reasonably could have believed Defendant's witnesses over Plaintiff's. The court will not question the reasonable credibility choices and inferences made by the jury in this case. *See Walls,* 1 F.3d at 1200.

## A. Alleged Errors

Plaintiff also claims that the Court made several errors that warrant the grant of a new trial. (Pl.'s Mot. New Trial ¶¶ 4–12). He claims that the Court made several erroneous evidentiary rulings and erroneously instructed the jury regarding the applicable law. (*Id.*) Rayonier contends that Plaintiff's claims are groundless. (Def.'s Opp'n Pl.'s Mot. New Trial at 3).

### 1. *Statistical Evidence*

■ Plaintiff claims that the Court erred in allowing Sharon Kelly ("Kelly") to present statistical evidence that Defendant did not have a pattern of terminating older employees. (Pl.'s Mot. New Trial ¶ 4). He claims that Kelly's testimony was irrelevant because it "could not show that Plaintiff was not the subject of discrimination." (*Id.*)

The district court has broad discretion to determine the admissibility of evidence pursuant to the Federal Rules of Evidence. *United States v. Todd,* 108 F.3d 1329, 1331 (11th Cir.1997); *United States v. Russell,* 703 F.2d 1243, 1249 (11th Cir.1983). As a general rule, the Court should allow all relevant evidence to be considered. Rule 401 of the Federal Rules of Evidence broadly defines relevant evidence as that evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

■ In this case, Kelly's testimony was relevant to show that Plaintiff lacked statistical support for his age discrimination claim. She testified that "there is no statistical support for the allegation that [Plaintiff's termination] was based on age." (Trial Tr. at 2:237). Kelly did not claim that her statistical analysis could prove definitively whether Rayonier terminated Plaintiff on the basis of his age. (*Id.* at 2:236–37). In ADEA cases, it is well-established that a plaintiff may in-

troduce statistical evidence to show that an employer engaged in a pattern of age discrimination. *See Benson v. Tocco, Inc.*, 113 F.3d 1203, 1208 (11th Cir.1997); *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 851 (11th Cir.1997). Likewise, an employer may rebut a claim of age discrimination with evidence that such discrimination is statistically improbable. *See Myers v. Glynn–Brunswick Mem'l Hosp.*, 683 F.Supp. 1387, 1392 (S.D.Ga.1988) (holding that the statistics regarding the reduction-in-force "belie[d] any suggestion of age discrimination"). Accordingly, the Court did not err in allowing Kelly's testimony.

### 2. *EEOC Determination*

■ Next, Plaintiff claims that the Court erred in admitting into evidence the Equal Employment Opportunity Commission ("EEOC") decision to close his case because there was insufficient evidence to support his age discrimination claim. (Pl.'s Mot. New Trial ¶ 5). Plaintiff contends that the Court should have excluded the letter because it was irrelevant and extremely prejudicial to his case. (*Id.*)

The letter about which Arnold complains was a form cover letter attached to his "right to sue" letter. Under the ADEA, a plaintiff must receive notice of his right to sue before he can bring suit in federal court. 29 U.S.C.A. § 626 (1985). In this case, Defendant introduced into evidence the cover letter as well as Plaintiff's notification of his right to sue. Pursuant to Federal Rule of Evidence 401, the documents were relevant to show that Plaintiff had received his statutorily required right to sue. Accordingly, the Court did not err in admitting the documents into evidence. *See Barfield v. Orange County*, 911 F.2d 644, 651 (11th Cir.), *reh'g denied*, 920 F.2d 13 (11th Cir.1990), *cert. denied*, 500 U.S. 954, 111 S.Ct. 2263, 114 L.Ed.2d 715 (1991) (affirming the district court's ruling admitting an EEOC determination and report into evidence); *Balletti v. Sun–Sentinel Co.*, 909 F.Supp. 1539, 1545 n. 5 (S.D.Fla. 1995) (stating that an EEOC determination is relevant evidence).

■ Plaintiff also claims that since the Court admitted the cover letter into evi-

dence, it should have allowed rebuttal testimony from Russell Barger ("Barger"), the author of the letter. (Pl.'s Mot. New Trial ¶ 6). Arnold claims that the Court erred by excluding Barger's explanation that the letter was merely an administrative closing of the case. (*Id.*)

■ The district court has broad discretion in determining whether to admit relevant evidence. *Hopkins v. Britton*, 742 F.2d 1308, 1310 (11th Cir.1984); *Will v. Richardson–Merrell, Inc.*, 647 F.Supp. 544, 546 (S.D.Ga.1986). Under Rule 403 of the Federal Rules of Evidence, the district court may exclude relevant evidence when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. In this case, Barger's testimony was unnecessary since the letter was in evidence. The purpose of the letter, to inform Plaintiff of his right to sue, was clear on its face. Any explanation by Barger would have been a needless presentation of cumulative evidence. Moreover, Plaintiff has failed to show that he suffered any prejudice as a result of the Court's ruling. Accordingly, the Court finds that the exclusion of Barger's testimony does not provide the basis for the grant of a new trial.

### 3. *Positions Available at the Jesup Mill Subsequent to Plaintiff's Termination*

■ Plaintiff also argues that the Court erred in excluding evidence that he applied for positions available at the Jesup mill several months after his termination. (Pl.'s Mot. New Trial ¶ 7). He claims that the Court's ruling prevented him from showing that he made a reasonable attempt to mitigate his damages. (*Id.*) However, evidence that Defendant did not hire Plaintiff for a position available several months after his discharge is not relevant to his claim of age discrimination. *See Earley*, 907 F.2d at 1083 (holding that the fact that the plaintiff was denied positions available subsequent to his termination was not evidence of age discrimination). Moreover, the Court's ruling on this issue did not prevent Plaintiff from present-

ing evidence that he attempted to mitigate his damages. Rather, Plaintiff testified that he contacted numerous businesses in search of employment, including Ace Paint and Body Shop, Norman Pontiac, Al's Auto Supply, Trapnell Dodge, Roger's Body Shop, Connor's Body Shop, Jesup Auto Parts, Beverly Tire and Oil, Laxie's Body Shop, Dixie Auto Salvage, Coastal Auto Parts, Walker Chevy and Olds, Calhoon's Body Shop, Grant Louis Logging, Carver's Auto Sales, Wayne County Auto Sales, and Billy Poppell Car Sales. (Trial Tr. at 1:59–60). Plaintiff has failed to show that he suffered any prejudice as a result of the Court's exclusion of evidence that he applied for positions available at the Jesup mill several months after his discharge. Therefore, the Court's ruling on this issue does not warrant the grant of a new trial.

### 4. Co–Worker's Testimony

■ Plaintiff contends that the Court erred in limiting the testimony of four other Rayonier employees who also were discharged from the Jesup mill on the same day as Plaintiff.[3] (Pl.'s Mot. New Trial ¶ 8). The Court allowed the discharged employees to testify that they were within the protected age group and were terminated by Rayonier at the same time as Plaintiff. The Court, however, excluded any evidence regarding the circumstances of their individual terminations. Plaintiff argues that the Court's exclusion of such evidence prevented him from establishing that Defendant engaged in a pattern of discrimination. (Id.)

■ The Court has broad discretion to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. See Todd, 108 F.3d at 1331; Russell, 703 F.2d at 1249. In this case, Rayonier would have been unduly prejudiced if the four discharged employees were allowed to testify about the circumstances of their individual terminations. In essence, Rayonier would have been forced to defend against five claims of age discrimination during the trial of one claim. Moreover, Plaintiff cannot complain that the Court's

ruling prevented him from establishing a pattern of age discrimination since the Court allowed the four discharged employees to testify that they were within the protected age group and were terminated by Rayonier.

### 5. Voluntary Early Retirement

■ Similarly, Plaintiff claims that the Court erred in excluding evidence that twenty-four Rayonier employees, all over the age of forty, voluntarily accepted an early retirement package shortly before his termination. (Pl.'s Mot. New Trial ¶ 10). Plaintiff contends that the Court's ruling prevented him from showing Rayonier's pattern of removing older workers from the workplace. (Id.)

■ The Court excluded evidence about Rayonier's voluntary early retirement program because it was irrelevant to Plaintiff's age discrimination claim. See Heward v. Western Elec. Co., No. 83–2293, 1984 WL 15666 (10th Cir. July 3, 1984) (affirming the district court's exclusion of evidence regarding a voluntary retirement program on the grounds that such evidence was irrelevant). An employer does not violate the ADEA merely by offering its employees the option of early retirement. Brooks v. Bellsouth Telecommunications, Inc., 164 F.R.D. 561, 566 (N.D.Ala.1995), aff'd, 114 F.3d 1202 (11th Cir.1997) ("Voluntary early retirement plans are not per se illegal under the ADEA.") In this case, Plaintiff made no allegation that Rayonier coerced older employees to accept the early retirement option. The mere fact that Rayonier offered its employees the option of early retirement fails to show its intent to terminate older employees based on their age. Accordingly, the Court did not err in excluding evidence regarding Rayonier's early retirement plan.

### 6. Documents

■ Plaintiff claims that the Court erred in quashing Plaintiff's Notice to Produce Documents. (Pl.'s Mot. New Trial ¶ 8). District Courts are accorded wide discretion in ruling upon discovery motions. Harris v. Chapman, 97 F.3d 499, 506 (11th Cir.1996),

---

**3.** The four employees, J.A. Beaver, David Jody Blanton, Charles Hollis Ellis and Ronald E. Trye, have filed similar claims under the ADEA against Rayonier.

cert. denied, —— U.S. ——, 117 S.Ct. 2422, 138 L.Ed.2d 185 (1997). In this case, Plaintiff failed to request the documents at issue during the lengthy discovery period even though Plaintiff was aware of their existence at that time, nor did Plaintiff identify the documents in the Pre–Trial Order. Rather, Plaintiff waited until three weeks before trial to make his voluminous request. To require Defendant to comply with Plaintiff's request would have been too onerous a burden such a short time before trial. The Court's ruling on Plaintiff's Notice to Produce Documents does not present a basis for the grant of a new trial.

### 7. Jury Instructions

■■■■ Plaintiff claims that the Court erroneously instructed the jury in two ways. First, he challenges the Court's instruction to the jury that "if you conclude that Rayonier honestly believed in its legitimate, nondiscriminatory reason, you must return a verdict in favor of Rayonier." (Pl.'s Mot. New Trial ¶ 11). Plaintiff contends that the instruction is contrary to law because Rayonier honestly could have believed that it was legal to terminate him on the basis of age, yet still have violated the ADEA. (Id.) Second, he claims that the Court erred in instructing the jury that the law required that he make reasonable efforts to mitigate his damages. (Id. ¶ 12). Plaintiff claims that Defendant had the burden of proving that he did not mitigate his damages. He argues that Rayonier failed to satisfy this burden at trial and, therefore, the jury should not have considered the issue. (Id.)

■■■■ "[T]he trial judge is given wide discretion as to the style and wording employed in the instructions." Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1543 (11th Cir.1996) (quoting United States v. Starke, 62 F.3d 1374, 1380 (11th Cir.1995)). See also Morro v. City of Birmingham, 117 F.3d 508, 513 (11th Cir.), reh'g denied, 127 F.3d 42 (1997), cert. denied, —— U.S. ——, 118 S.Ct. 1299, 140 L.Ed.2d 465 (1998). The Court must consider "whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled." Bateman, 79

F.3d at 1543 (quoting Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560, 1569 (11th Cir.1991)). See also Carter v. DecisionOne Corp., 122 F.3d 997, 1005 (11th Cir.1997); Goulah v. Ford Motor Co., 118 F.3d 1478, 1485 (11th Cir.1997). The Court also must consider the evidence presented at trial and the arguments made by counsel when evaluating whether the jury was misled. Hasenfus v. Secord, 962 F.2d 1556, 1562 (11th Cir.1992), cert. denied, 506 U.S. 1051, 113 S.Ct. 972, 122 L.Ed.2d 127 (1993); Pate v. Seaboard R.R., Inc., 819 F.2d 1074, 1077 (11th Cir.1987). The party challenging the jury charge must establish that it suffered prejudice as a result of the charge. Hall v. Norfolk Southern Railway Co., 829 F.Supp. 1571, 1580 (N.D.Ga.1993). Prejudice occurs when there is "a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." Bateman, 79 F.3d at 1543 (quoting Johnson v. Bryant, 671 F.2d 1276, 1280 (11th Cir.1982)). See also Carter, 122 F.3d at 1005; Hall, 829 F.Supp. at 1580.

■■■■ The Court finds that the jury charge accurately instructed the jury as to the applicable law. First, in order to prove pretext, a plaintiff must show that the employer did not honestly believe in its proffered explanation. Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir.1991) (stating that the inquiry is "whether the employer gave an honest explanation of its behavior"). See also Wolf v. Buss (America) Inc., 77 F.3d 914, 919 (7th Cir.1996), cert. denied, —— U.S. ——, 117 S.Ct. 175, 136 L.Ed.2d 116 (1996). It was clear from the charge that Defendant could not rely on age as its legitimate, nondiscriminatory reason for Plaintiff's discharge. The charge expressly instructed that "under the Age Discrimination in Employment Act, it is unlawful for an employer to discriminate against any employee who is forty years of age or older because of that employee's age." (Trial Tr. at 3:16–17). Second, it is well-established that under the ADEA a plaintiff has the duty to mitigate his damages. See EEOC v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244, 1251 (11th Cir.1997); Lewis v. Federal Prison Indus., Inc., 953 F.2d 1277, 1286 (11th Cir.

1992); *Stanfield v. Answering Service, Inc.,* 867 F.2d 1290, 1295 (11th Cir.1989). The fact that the Court gave the Eleventh Circuit Pattern Charge regarding Plaintiff's duty to mitigate his damages is not grounds for a new trial.

## CONCLUSION

The Court carefully has considered Plaintiff's arguments in support of his Motion for Judgment as a Matter of Law or, in the alternative, for a New Trial. For the reasons set forth above, Plaintiff's motion is hereby **DENIED.**