United States Court of Appeals,

Eleventh Circuit.

No. 96-8164.

Carol L. POOLE, Plaintiff-Appellant,

v.

The COUNTRY CLUB OF COLUMBUS, INC., Vafa Ghalahgir, individually and as General Manager, Defendants-Appellees.

Nov. 17, 1997.

Appeal from the United States District Court for the Middle District of Georgia. (No. 4:94-CV-12(DF)), Duross Fitzpatrick, Judge.

Before COX and BARKETT, Circuit Judges, and HUNT[*], District Judge.

HUNT, District Judge:

Plaintiff Carol L. Poole appeals the district court's order granting summary judgment to defendant The Country Club of Columbus ("CCC") on plaintiff's age discrimination claims and dismissing plaintiff's pendent state law claims. Poole brought suit claiming defendants CCC and Vafa Ghalahgir impermissibly discriminated against her because of her age, retaliated against her for engaging in a statutorily protected activity, and committed various state law torts. In support of her age discrimination claim, Poole alleges that she was constructively discharged from CCC. Because we find that a genuine issue of material fact exists as to whether Poole was constructively discharged, we reverse the district court and remand this action for further proceedings.

BACKGROUND

After working as Ghalahgir's executive secretary for almost two years, plaintiff Carol L.

---

[*]Honorable Willis B. Hunt, Jr., U.S. District Judge for the Northern District of Georgia, sitting by designation.

Poole, who was fifty-six years old at the time, was told that her duties and responsibilities would be reduced to virtually nothing. Until this, Poole's duties to Ghalahgir, the General Manager of CCC, included typing correspondence, taking minutes at board meetings, supervising receptionists, and purchasing office supplies. The change in the relationship between Ghalahgir and Poole was not an abrupt shift; tensions between the two had been mounting for some time. In early 1992, Ghalahgir's wife routinely displaced Poole from her desk and computer, and began performing many of the typing duties previously handled by Poole. In July 1992, Poole gave an unsworn statement in support of six former employees who were suing CCC and Ghalahgir for age discrimination. Four days later, Ghalahgir sent a security guard to Poole's home at night to retrieve her key to Ghalahgir's office. The security guard stated that Ghalahgir had lost his key, but Poole's key was never returned to her. About this same time, Poole injured her right eye while at work, but Ghalahgir refused to submit Poole's worker's compensation claim to the insurance carrier, instead waiting almost a year and then forcing Poole to submit it herself. Plaintiff offers evidence that Ghalahgir also made remarks to her and to others regarding Poole's age. For example, Ghalahgir allegedly said to Poole that "you're as old as my mother," and said to others that he was "too fast paced for an elderly secretary" and that Poole "was too old, had too many lines in her face, and too many gray hairs."

Beginning in April 1992, Poole began taking anti-depressant medication after contacting her regular physician complaining of stress related disorders. This was Poole's fourth episode of seeking medical advice for stress since 1989. In August 1992, Poole's physician recommended to CCC that Poole take a five day vacation, a request which CCC granted, and that CCC enact provisions to reduce Poole's stress. Poole returned to work on a Tuesday, and that day, as well as the two following days, Poole was not allowed to use her desk or computer, which were occupied by

Ghalahgir's wife. Instead, Poole was sent to the business office, and spent three days stuffing envelopes and correcting two letters that had already been entered into a word processor. On Friday of that week, Ghalahgir told Poole that she was being relieved of all existing responsibilities and that she was being transferred to the business office, but that her pay and benefits would not decrease. Plaintiff alleges that Ghalahgir instructed other employees not to speak to her, that once in the business office she was given only a chair with no desk, that she was not allowed to pack her belongings herself, and that, because Poole had no place to store her belongings, they were placed next to her chair in boxes. Moreover, Plaintiff alleges that no duties or responsibilities attached to her new position. Poole spent only a few days in her new job before resigning.

After filing a charge of discrimination with the Equal Employment Opportunity Commission, plaintiff brought suit against defendants in the United States District Court for the Middle District of Georgia. Plaintiff's complaint seeks damages under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a) and (d) ("ADEA"), and for intentional infliction of emotional distress, negligent supervision, and negligent retention under laws of the State of Georgia. The district court dismissed plaintiff's claims as to defendant Ghalahgir, relying on Eleventh Circuit law that holds that only the employer, and not the individual wrongdoer, is liable for ADEA violations.[1] The district court granted defendant CCC's motion for summary judgment on the ADEA claim and dismissed without prejudice the supplemental state law claims. Without reaching the issue of whether defendant CCC was motivated by impermissible discriminatory intent, the district court found that, as a matter of law, plaintiff voluntarily resigned, and thus was not constructively discharged. In light of this finding, the district court held that plaintiff could not succeed on her ADEA claim, since plaintiff suffered no adverse employment decision, an element of a successful claim.

---

[1]Plaintiff has not appealed this portion of the district court's order.

DISCUSSION

We review the district court's grant of summary judgment *de novo,* applying the same standard the district court applied. *Killinger v. Samford Univ.,* 113 F.3d 196, 198 (11th Cir.1997); *Walls v. Button Gwinnett Bancorp., Inc.,* 1 F.3d 1198, 1200 (11th Cir.1993). Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material if, under applicable substantive law, it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Tipton v. Bergrohr GMBH-Siegen,* 965 F.2d 994, 998 (11th Cir.1992), *cert. denied,* 507 U.S. 911, 113 S.Ct. 1259, 122 L.Ed.2d 657 (1993). "It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton,* 965 F.2d at 998 (internal quotation marks omitted).

The movant has the burden of showing the absence of a genuine issue of material fact, and a court, in deciding whether the burden has been satisfied, must view the evidence and all reasonable inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997). Once the movant has satisfied its burden, the burden shifts to the nonmoving party to present evidence sufficient to make a "showing that the jury could reasonably find for that party." *Allen,* 121 F.3d at 646 (citations omitted).

Poole claims that she was constructively discharged by CCC in violation of the ADEA.[2] To

---

[2]One of the elements of a *prima facie* case of age discrimination in violation of the ADEA is that plaintiff must show the employer engaged in an adverse employment decision. *See* 29 U.S.C. § 623 (1985); *Benson v. Tocco, Inc.,* 113 F.3d 1203, 1208 (11th Cir.1997).

successfully claim constructive discharge, a plaintiff must demonstrate that working conditions were "so intolerable that a reasonable person in her position would have been compelled to resign." *Thomas v. Dillard Dep't Stores, Inc.,* 116 F.3d 1432, 1433-34 (11th Cir.1997), *cert. denied,* 512 U.S. 1221, 114 S.Ct. 2708, 129 L.Ed.2d 836 (1994); *see also Morgan v. Ford*, 6 F.3d 750, 755 (11th Cir.1993). Stripped of all responsibility, given only a chair and no desk, and isolated from conversations with other workers, Poole has presented evidence suggesting that a reasonable person might find the conditions under which she was working intolerable. Consequently, viewing the evidence in the light most favorable to the plaintiff, we hold that genuine issues of material fact exist as to whether plaintiff was constructively discharged from CCC. Of course, because other evidence suggests that Poole's job responsibilities were slashed due to her stress related conditions, the question remains open as to whether the plaintiff will ultimately meet her burden of persuasion on the issue of constructive discharge. The Court also leaves unresolved the question whether the constructive discharge was motivated either by age discrimination or in retaliation for Poole exercising her statutory right to assist former employees in the litigation of their ADEA claims.

Because the district court dismissed the federal claim against defendant Ghalahgir and granted summary judgment to defendant CCC, it exercised its discretion and dismissed the remaining supplemental state law claims without prejudice. Since the record does not support the district court's grant of summary judgment, the dismissal of the state law claims must also be reversed.

CONCLUSION

---

Constructive discharge qualifies as an adverse employment decision. *Maddow v. Procter & Gamble,* 107 F.3d 846, 852 (11th Cir.1997); *Stamey v. Southern Bell Tel. & Tel. Co.,* 859 F.2d 855, 859-60 (11th Cir.1988), *cert. denied,* 490 U.S. 1116, 109 S.Ct. 3178, 104 L.Ed.2d 1040 (1989).

After considering all the evidence, we conclude that reasonable jurors exercising impartial judgment might reach different conclusions as to whether Poole was constructively discharged. Accordingly, we reverse the district court's order granting summary judgment to the defendants and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.