[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**11/30/99**
**THOMAS K. KAHN**
**CLERK**

————————————————

No. 99-6166

————————————————

D. C. Docket No. 98-00500-CV-TMP-M

MICHELLE SPIVEY,

Plaintiff-Appellant,

versus

BEVERLY ENTERPRISES, INC.,
d.b.a. Boaz Health & Rehabilitation Center,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————
**(November 30, 1999)**


Before BLACK and WILSON, Circuit Judges, and RONEY, Senior Circuit Judge.

BLACK, Circuit Judge:

Appellant Michelle Spivey brought this action against her employer, Appellee Beverly Enterprises, Inc., alleging that she was discriminated against in violation of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), after being terminated due to a limitation imposed by her physician because of her pregnancy. The district court granted Appellee's motion for summary judgment after finding that Appellant had not established a prima facie case of either disparate treatment or disparate impact discrimination. We affirm.

## I. BACKGROUND

Appellant was employed on June 13, 1996, as a certified nurse's assistant at the Boaz Health and Rehabilitation Center, which is owned and operated by Appellee. Her primary responsibilities at the Boaz facility were to lift and reposition patients, assist with patient baths and meals, and provide general patient care. Soon after discovering she was pregnant, Appellant developed concerns that lifting a patient on her assigned hall who weighed almost 250 pounds could cause harm to her unborn child. As a result, she requested assistance in lifting this patient. She was told by Appellee to obtain a doctor's verification of the restriction and she consequently obtained a restriction from her obstetrician which imposed a lifting limitation of 25 pounds.

Upon receipt of the medical restriction, Appellee notified Appellant she would not be provided with an accommodation due to the company's modified duty policy. Appellee's policy stated that employees were excused from meeting their job responsibilities only if they qualified for modified duty, which was available exclusively to employees who suffered from work-related injuries.[1] Under this policy, Appellant could be excused from lifting patients only if she were injured on the job. After being told that she could not be excused from her job responsibilities under Appellee's modified duty policy, Appellant consequently attempted to have the lifting restriction removed by her obstetrician. The doctor, however, refused this request. As a result of the medical restriction that precluded her from lifting more than 25 pounds, Appellant was terminated. On July 28, 1997, Appellant was rehired by Appellee.

Appellant instituted this action on March 3, 1998, claiming that Appellee's provision of modified duty for employees injured on the job, but not for pregnant employees, violated the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). Appellant argued that her termination caused her to lose seniority and related benefits.

---

[1]Appellee reserves modified duty for employees with occupational injuries because there are only a limited number of light duty tasks available at any one time. If light duty were made available to all employees without regard to whether the injury was work-related, the light duty "positions" would be depleted and unavailable when needed by employees with workers' compensation restrictions.

Appellant alleged both disparate treatment and disparate impact claims.  We review de novo the district court's grant of a motion for summary judgment on these claims. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1520 (11th Cir. 1995).

## II.  DISCUSSION

In 1978, Congress amended Title VII by enacting the Pregnancy Discrimination Act (PDA), which provides that prohibitions of discrimination "because of sex" or "on the basis of sex" include discrimination on the basis of pregnancy, childbirth, or related medical conditions.  42 U.S.C. § 2000e(k) (1994).  This act declared that women affected by pregnancy "shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefits programs, as other persons not so affected but similar in their ability or inability to work. . . ."  *Id*.

There are two types of discrimination actionable under Title VII, disparate treatment and disparate impact.  Although proof of discriminatory intent is necessary for a plaintiff to succeed on a claim of disparate treatment, a claim of disparate impact does not require evidence of intentional discrimination.  *See  Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1313 (11th Cir. 1994).

## A.  Disparate Treatment

Appellant has not offered direct evidence that Appellee intended to discriminate against pregnant employees.  Appellant must therefore present circumstantial evidence

4

from which an inference of intentional discrimination can be drawn. *See id*. In order to prevail on a disparate treatment claim based on circumstantial evidence, Appellant is required to first establish a prima facie case that creates a rebuttable presumption of unlawful discrimination. *See id*. Appellant must meet four requirements in order to establish a prima facie case of discrimination: (1) she is a member of a group protected by Title VII; (2) she was qualified for the position or benefit sought; (3) she suffered an adverse effect on her employment; and (4) she suffered from a differential application of work or disciplinary rules. *See id*. at 1314. The only two requirements in dispute are whether Appellant was qualified and whether she suffered from a differential application of work rules.

There is no dispute that Appellant was no longer qualified to work as a nurse's assistant. The lifting restriction imposed on Appellant clearly prevented her from performing the responsibilities required of this position. Appellant argues, however, that she should have been given the accommodation of modified duty because she was as capable of performing the duties required of a modified duty assignment as non-pregnant employees who were injured on the job. Appellee, however, was under no obligation to extend this accommodation to pregnant employees. The PDA does not require that employers give preferential treatment to pregnant employees. *See, e.g., Lang v. Star Herald*, 107 F.3d 1308, 1312 (8th Cir. 1997); *Garcia v. Woman's Hosp.*

*of Texas*, 97 F.3d 810, 813 (5th Cir. 1996); *Troupe v. May Department Stores Co.*, 20 F.3d 734, 738 (7th Cir. 1994). Appellee was therefore free to provide an accommodation to employees injured on the job without extending this accommodation to pregnant employees.

Appellant also has failed to establish that she suffered from a differential application of work rules. In *Byrd v. Lakeshore Hospital*, 30 F.3d 1380 (11th Cir. 1994), this Court held that an employer violates the PDA when it denies a pregnant employee a benefit generally available to temporarily disabled workers holding similar job positions. *See id.* at 1383-84. In this case, the benefit Appellant seeks is not generally available to temporarily disabled workers. To the contrary, Appellee offers modified duty only to a clearly identified sub-group of workers—those workers who are injured on the job.

The correct comparison is between Appellant and other employees who suffer non-occupational disabilities, not between Appellant and employees who are injured on the job. Under the PDA, the employer must ignore an employee's pregnancy and treat her "as well as it would have if she were not pregnant." *Piraino v. International Orientation Resources, Inc.*, 84 F.3d 270, 274 (7th Cir. 1996). Ignoring Appellant's pregnancy would still have left Appellee with an employee who suffered from a non-occupational injury. Appellee, as per its policy, was therefore entitled to deny

Appellant a modified duty assignment as long as it denied modified duty assignments to all employees who were not injured on the job.

This position is consistent with *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 509 (1999). In *Urbano*, the Fifth Circuit addressed a pregnancy discrimination claim factually similar to the one at issue. The employer in *Urbano* had a policy that granted light duty assignments only to employees who suffered an injury on the job. *See id*. at 205. The Fifth Circuit held it was not a violation of the PDA for the employer to deny light duty assignments to pregnant employees even though employees who were injured on the job were provided with such an opportunity. *See id*. at 206. The Fifth Circuit found that the plaintiff, a pregnant employee, had not established a prima facie case of discrimination because she failed to demonstrate that she was qualified for light duty and that she was treated differently under Continental's light duty policy than other employees with non-occupational injuries. *See id*. at 206-07.[2]

---

[2]Appellant has correctly noted that support for her argument can be found in *Ensley-Gaines v. Runyon,* 100 F.3d 1220 (6th Cir. 1996). As in this case, *Ensley-Gaines* involved an employment policy which provided limited duty only to employees who were injured on the job. *See id*. at 1222. The Sixth Circuit concluded that the proper comparison under the PDA was between pregnant employees and employees injured on the job, not between pregnant employees and employees injured off the job, as the Fifth Circuit later held in *Urbano*. *See id*. at 1226. Accordingly, the Sixth Circuit held that plaintiffs asserting a PDA claim need to demonstrate only that a non-pregnant employee similarly situated in his or her ability to work received more favorable benefits. *See id*. For the reasons stated above, however, we believe that the better position is that taken by the Fifth Circuit in *Urbano*.

We therefore hold that an employer does not violate the PDA when it offers modified duty solely to employees who are injured on the job and not to employees who suffer from a non-occupational injury. Of course, pregnant employees must be treated the same as every other employee with a non-occupational injury. Appellant has also asserted that she was not treated equally even to non-pregnant employees who were not injured on the job. The only evidence she offered was the affidavit of Mary Duran, a former employee of Appellee who underwent a hysterectomy that required her to refrain from lifting while recuperating. We agree with the district court that the affidavit does not sufficiently create an issue of material fact as to whether Appellant suffered from a different application of work rules than non-pregnant employees.[3]

B. Disparate Impact

In addition to her disparate treatment claim, Appellant alleges that Appellee's policy of providing modified duty only to employees who are injured on the job has a disparate impact on pregnant employees. Establishing a prima facie case of disparate impact discrimination involves two steps. First, the plaintiff must identify the specific employment practice that allegedly has a disproportionate impact. *See Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1314 (11th Cir. 1994). Second, the

---

[3] There is no evidence in the record indicating that Duran was actually permitted to avoid any of the lifting or pulling tasks required by the job. In addition, the record demonstrates that Duran was specifically told that Appellee did not provide light duty for people who were not injured on the job.

plaintiff must demonstrate causation by offering statistical evidence sufficient to show that the challenged practice has resulted in prohibited discrimination. *See id*. If the plaintiff establishes a prima facie case, the employer can then respond with evidence that the challenged practice is both related to the position in question and consistent with business necessity. *See Garcia v. Woman's Hosp. of Texas*, 97 F.3d 810, 813 (5th Cir. 1996) (citing 42 U.S.C. § 2000e-2(k)(1)(A)(i)).

In this case, Appellant has established the first element of the prima facie case because she has identified Appellee's modified duty policy as the employment practice that allegedly has a disproportionate impact on pregnant employees. Appellant, however, has failed to present statistical evidence to demonstrate that this policy in practice has a disproportionate impact on pregnant employees. In fact, Appellant contends that a statistical analysis is not needed because Appellee admits that its modified duty policy was the basis for refusing modified duty to Appellant.

As noted in *Armstrong*, Appellant must produce competent evidence showing that termination because of Appellee's modified duty policy falls disproportionately on pregnant employees. *See Armstrong*, 33 F.3d at 1314. Appellant has failed to offer any evidence at all that Appellee's modified duty policy results in a disproportionate termination of pregnant employees. For this reason, the district court was correct to

conclude that Appellant had failed to establish a claim of disparate impact discrimination.

## III. CONCLUSION

We conclude that Appellant has not established a prima facie case of either disparate treatment or disparate impact discrimination under the PDA. Accordingly, we affirm the district court's grant of summary judgment in favor of Appellee.

AFFIRMED.