**John GERRY, et al., Plaintiffs,**

v.

**THE CITY OF HIALEAH, Defendant.**

**No. 97–2130CIV.**

United States District Court,
S.D. Florida.

Feb. 8, 2001.

Michael B. Feiler, Feiler & Leach, Coral Gables, FL, for Plaintiff.

James Crosland, Denise Heekin, Muller, Mintz, et al., Miami, FL, for Defendant.

### ORDER ON POST–TRIAL MOTIONS

HIGHSMITH, District Judge.

Several post-trial motions have been filed by the parties in this case. The Court has received notice that all of the matters raised by those motions have been settled, with the exception of Plaintiffs Gary Venema and Steven Lublinski's motion for front-pay. The Court will now address the issue of front-pay.

 Front-pay is an equitable remedy that is properly decided by the Court without submission to a jury. *See United States E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 618–19 (11th Cir.), *reh'g and reh'g en banc denied*, 233 F.3d 580 (11th Cir.2000). The front-pay remedy is utilized to further the remedial purposes of the federal employment discrimination statutes, by putting a claimant in the position he would have been but for the illegal discrimination. *See Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1529 (11th Cir.1991). "Front pay, therefore, is appropriate *only* when the other damages awarded will not fully compensate the plaintiff for his injury." *Id.* (emphasis supplied). Front-pay should be limited to "the date a victim of discrimination attains an opportunity to move to his 'rightful place.'" *Id.* (quoting *James v. Stockham Valves and Fittings Co.*, 559 F.2d 310, 358 (5th Cir.1977)). In the present case, Plaintiffs Venema and Lublinski were not terminated; rather, they voluntarily resigned from their positions as police officers with Defendant the City of Hialeah because they were continually denied transfers to specialty assignments. Under these circumstances, an award of front-pay is only permissible if Plaintiffs Venema and Lublinski were constructively discharged. *See Nance v. Maxwell Fed. Credit Union (MAX)*, 186 F.3d 1338, 1342 (11th Cir.1999).

 "To successfully claim constructive discharge, a plaintiff must demonstrate that working conditions were 'so intolerable that a reasonable person in [his] position would have been compelled to resign.'" *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir.1997) (quoting *Thomas v. Dillard Dep't Stores, Inc.*, 116 F.3d 1432, 1433–34 (11th Cir.1997)). Discriminatory denial of a transfer or promotion does not rise to this level. *See Bourque v. Powell Elec. Mfg. Co.*, 617 F.2d 61, 64–65 (5th Cir.1980) [1]; *see also Lindale v. Tokheim Corp.*, 145 F.3d 953, 956 (7th Cir.1998); *Jurgens v. E.E.O.C.*, 903 F.2d 386, 389 (5th Cir.1990). Because Plaintiffs Venema and Lublinski cannot, as a matter of law, be said to have been constructively discharged, they may not recover front-pay. *See Nance*, 186 F.3d at 1342.

In light of the foregoing, it is ORDERED that:

(1) Plaintiffs Venema and Lublinski's motion for an award of front-pay is DENIED;

(2) all other pending motions are DENIED AS MOOT, pursuant to the notice of partial settlement; and

(3) this case is CLOSED.

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en·banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.