[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12164

_____

D.C. Docket No. 02-02505-CV-WBH-1

LOUIS J. BELTRAMI,

Plaintiff-Appellant,

versus

SPECIAL COUNSEL, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 7, 2006)**

Before BLACK, HULL and FARRIS[*], Circuit Judges.

PER CURIAM:

_____

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Louis J. Beltrami appeals an order of the district court granting summary judgment to Defendant Special Counsel, Inc. on Beltrami's claim that Special Counsel violated Title VII, 42 U.S.C. §§ 2000e *et seq.*, by constructively discharging him in retaliation for filing a Title VII claim. The district court concluded that Beltrami has not shown a disputed issue of material fact regarding the severity of the conditions leading to his resignation. We AFFIRM.

Beltrami's principal claim is that after he filed a Title VII claim with the Equal Employment Opportunity Commission, complaining of the emails sent by one of his employees, Special Counsel decided to retaliate by firing him. To accomplish this end while avoiding a Title VII retaliation claim, Special Counsel set forth a list of extremely difficult work objectives for Beltrami to accomplish within thirty days, intending to fire him when he failed to meet them.

"To establish a prima facie case of retaliation under 42 U.S.C. § 2000e-3(a), a plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998). The parties agree that the first element is met. The third element has been established for the purposes of summary judgment by the close temporal proximity of the EEOC claim and the alleged retaliation. *See Shotz*

2

*v. City of Plantation*, 344 F.3d 1161, 1180 n.30 (11th Cir. 2003) (noting that the element is established by showing that supervisor knew of complaint and that retaliation occurred within month of filing claim).  The dispute turns on whether Beltrami has met the second element by showing constructive discharge.

"A constructive discharge occurs when a discriminatory employer imposes working conditions that are 'so intolerable that a reasonable person in [the employee's] position would have been compelled to resign.'" *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003) (alteration in original) (citation omitted).  "Part of an employee's obligation to be *reasonable* is an obligation not to assume the worse, and not to jump to conclusions too fast." *Garner v. Wal-Mart Stores, Inc.*, 807 F.2d 1536, 1539 (11th Cir. 1987).  The threshold "is quite high."  *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1231 (11th Cir. 2001) (holding that being berated in public was not sufficient to show constructive discharge).  *Compare Fitz*, 348 F.3d at 977-78 (being reprimanded and hearing from coworkers of management's intent to fire were insufficient to show constructive discharge) *and Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001) (receiving poor evaluations was not sufficient to establish constructive discharge) *with Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1015

(11th Cir. 1994) (holding court's finding of constructive discharge was supported by evidence of plaintiff being placed on probation, receiving unjustified work evaluations, and being repeatedly screamed at so that supervisor's "spit was flying in [plaintiff's] face") *and Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 552 (11th Cir. 1997) (holding that summary judgment for defendants was inappropriate where plaintiff was relieved of all responsibilities and was given a chair with no desk, and other employees were instructed not to speak to her).

Beltrami has failed to show a disputed issue of material fact regarding whether he was constructively discharged. His conditions were not objectively intolerable. Although he faced several difficult tasks, he took no steps to attempt to meet them. Even if he were likely to be fired if he attempted to accomplish the tasks, he has not shown that he was being subjected to such intolerable conditions that he needed to quit immediately. *See Rowell v. BellSouth Corp.*, 433 F.3d 794, 806 (11th Cir. 2005) ("The fact that one of the possible outcomes is that he would lose his job alone is not sufficient to establish the intolerable conditions sufficient to justify a finding of constructive discharge . . . ."). On this record, he cannot show constructive discharge.

The order of the district court is **AFFIRMED.**