[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12581
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cv-01282-SLB


NANCY MARSHALL,

Plaintiff-Appellee,

versus


DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 30, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Nancy Marshall appeals the summary judgment in favor of her former

employer, the Department of Veteran Affairs.  Marshall, a part-time speech

pathologist, complained that the Department retaliated against and constructively discharged her for filing charges in June 2005 related to her transfer from a hospital in Birmingham, Alabama, to an outpatient clinic in Jasper, Alabama.  See 42 U.S.C. §§ 2000e-3(a), 1981.  We affirm.

We review a summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party.  Crawford v. Carroll, 529 F.3d 961, 964 (11th Cir. 2008).  Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).

Marshall failed to establish a prima facie case of retaliation with respect to all, but one, of the actions of the Department.  Most of the actions of the Department about which Marshall complains were not adverse employment actions.  See Crawford, 529 F.3d at 973.  Marshall complains that the Department gave her reduced responsibilities and insufficient patients to satisfy performance standards, and the Department later refused to modify those standards, reassign her to Birmingham, or provide her a fiberoptic instrument to test her patients.  But the undisputed evidence establishes that Marshall was kept in Jasper to serve local veterans; she was given the additional responsibility of providing audiology services; she received "fully successful" ratings in her performance appraisals; and she did not require a fiberoptic instrument in her work with debilitated patients.

2

See Doe v. DeKalb Cnty. Sch. Dist., 145 F.3d 1441, 1453 (11th Cir. 1998) ("[I]t is not enough that a transfer imposes some de minimis inconvenience or alteration of responsibilities."). Marshall also complains that the Department refused to send her to a conference in Tennessee and required her to use annual leave to attend a conference in Texas and to drive to Birmingham to apply for a promotion, but the conference in Tennessee was for full-time audiologists; the Department granted an absence to another speech pathologist to attend the conference in Texas because Marshall had attended the year before; and the Department reasonably expected Marshall to treat patients during her working hours. The remaining actions of the Department were too remote to Marshall's protected conduct to create a reasonable inference of a causal connection. See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007). Marshall complains about the belated delivery of materials she needed to apply for a raise, not being recommended for a raise, and receiving two reprimands, but the mishap involving the materials occurred in February 2006, approximately eight months after Marshall had filed charges against the Department, and the other incidents occurred even later.

Marshall also complains about not being reappointed to the Traumatic Brain Injury team, but Marshall's claim about that decision is untimely. See Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000). Marshall cannot

resurrect a claim that she presented in an earlier charge, but failed to present in a timely civil action.

The only matter about which Marshall established a prima facie case of retaliation involves a fraud investigation commenced by her supervisor, but the Department provided a legitimate, nonretaliatory reason for that investigation, which Marshall failed to rebut as pretextual. See Crawford, 529 F.3d at 976. Marshall's supervisor, Lynn Arnold, requested that security officers of the Department investigate why a trip ticket approving use of a government car for one of Marshall's coworkers had been altered with liquid paper to add Marshall to the trip. The undisputed evidence establishes that Arnold had signed a trip ticket that approved travel only for Marshall's coworker and Arnold had not yet decided whether Marshall could go on the trip when Marshall's name was added to the ticket. Nonetheless, Arnold did not discipline Marshall and allowed her to go on the trip.

Marshall also failed to prove that she was constructively discharged. "A constructive discharge occurs when [an] . . . employer imposes working conditions that are 'so intolerable that a reasonable person in [the employee's] position would have been compelled to resign.'" Fitz v. Pugmire Lincoln-Mercury, Inc., 348 F.3d 974, 977 (11th Cir. 2003) (quoting Poole v. Country Club of Columbus, Inc., 129 F.3d 551, 553 (11th Cir. 1997)). Marshall bases her claim of constructive

4

discharge primarily on the same actions she bases her claim of retaliation, but a paucity of patients, the denial of unneeded equipment, limitations on travel, and an investigation of potential fraud did not make Marshall's working conditions intolerable, particularly in the light of her favorable reviews. Marshall complains about returning from sick leave to find that her office was being used as an examining room, but the undisputed evidence establishes that there was insufficient office space at the Jasper clinic, employees had to share offices, and all the employees used the break room to compete paperwork. Marshall's situation contrasts starkly with Poole, where the plaintiff created a genuine factual dispute about whether she had been constructively discharged when, after working as an executive secretary for about two years, her employer remarked that she was "as old as [his] mother"; she was relocated to a space without a desk or computer; other employees were instructed not to speak to her; and "her duties and responsibilities [were] reduced to virtually nothing." Poole, 129 F.3d at 551–52.

We **AFFIRM** the summary judgment in favor of the Department.

5