[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15454
_____

D.C. Docket No. 1:08-cv-03013-HTW


ELIZABETH E. SAWYER,

Plaintiff–Appellant,

versus

LISA JACKSON,
Administrator, United States Environmental Protection Agency,

Defendant–Appellee,

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 31, 2013)

Before MARCUS and MARTIN, Circuit Judges, and SCRIVEN,[*] District Judge.

PER CURIAM:

_____

[*]  Honorable Mary S. Scriven, United States District Judge for the Middle District of Florida, sitting by designation.

Elizabeth Sawyer, an African American woman, sued Lisa Jackson, Administrator of the United States Environmental Protection Agency (EPA), alleging various counts of employment discrimination, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et. seq. The district court entered summary judgment for the EPA on all Sawyer's claims[1], and Sawyer appealed. Here, Sawyer argues that the district court erred in granting summary judgment on her retaliation and constructive discharge claims. After careful review, and with the benefit of oral argument, we affirm.

## I.  DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. Killinger v. Samford Univ., 113 F.3d 196, 198 (11th Cir. 1997). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In making this assessment, we review all facts and inferences reasonably drawn from the facts in the light most favorable to the nonmoving party." Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1336 (11th Cir. 1999).

---

[1] The district court adopted the Report and Recommendation of U.S. Magistrate Judge Gerrilyn G. Brill. Judge Brill's Report was thorough and well-reasoned, and assisted us in our own consideration of this case.

2

## A. SAWYER'S RETALIATION CLAIM

"To establish a claim of retaliation under Title VII . . . a plaintiff must prove that he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events." Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008) (emphasis omitted). "After the plaintiff has established the elements of a claim, the employer has an opportunity to articulate a legitimate, nonretaliatory reason for the challenged employment action as an affirmative defense to liability." Id.  If the employer meets this burden, the plaintiff must show that the proffered reasons are merely a pretext for discrimination.  See id.

Sawyer satisfied the first two elements of her retaliation claim.  She engaged in a statutorily protected activity when she filed a complaint with the Equal Opportunity Employment Commission in December 2004 alleging discrimination against her managers.  See Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 920 (11th Cir. 1993).  After that, she suffered a materially adverse action when she was suspended from work without pay for one week during September of 2005.  See id.  The question, then, is whether Sawyer produced sufficient evidence to establish a causal connection between her complaint and her suspension.

The EPA says it suspended Sawyer because she refused to participate in a work project in South Carolina despite being told repeatedly that her participation

was mandatory and that her failure to participate would "result in appropriate disciplinary action." Sawyer argues that this explanation is pretextual because her non-participation was based on her good-faith belief that the project involved improper contact with private sector contractors and, in any event, her non-participation "would not typically, without more, be grounds for a week-long unpaid suspension of an employee with no prior formal disciplinary history."

We are not persuaded by either of Sawyer's arguments. First, the record is unequivocal that Sawyer received a number of assurances that the project was in compliance with EPA guidelines, and that her managers would take full responsibility if it turned out that they had somehow "missed something" in this regard. Second, her only proof that her suspension was atypical is a 1985 EPA memo directing supervisors to "first consider informal measures which are non-punitive in nature" before considering disciplinary actions such as a suspension. But the record is equally clear that Sawyer's managers did engage such informal measures in their attempts to secure her cooperation in the pilot. Specifically, they admonished her in writing at least five times in the weeks leading up to the project that her participation was mandatory and that failure to participate would result in formal disciplinary action. Thus, Sawyer has not produced sufficient evidence that the EPA's stated reasons for suspending her were pretextual and the district court properly granted summary judgment on this claim.

4

## B.  CONSTRUCTIVE DISCHARGE

"To show constructive discharge, the employee must prove that his working conditions were so difficult or unpleasant that a reasonable person would have felt compelled to resign."  Hill v. Winn-Dixie Stores, Inc., 934 F.2d 1518, 1527 (11th Cir. 1991) (quotation marks omitted).  Sawyer asserts that she was forced to quit because her direct supervisor made a belittling comment regarding her sick leave, told her that he was considering further disciplinary action against her following her continued failure to perform work duties, once refused to authorize a travel request, and once removed her computer from her desk in order to recover a document that she had inadvertently deleted.

Even viewed in the light most favorable to Sawyer, these isolated incidents are not sufficient to establish that her working conditions were so onerous or intolerable that a reasonable person would feel compelled to resign.  Compare Fitz v. Pugmire Lincoln-Mercury, Inc., 348 F.3d 974, 977–78 (11th Cir. 2003) (determining that evidence was insufficient to sustain employee's constructive discharge claim against summary judgment where employee alleged that he was threatened with reprimand, feared that he would be fired, and twice had belittling cartoons left at his computer); with Poole v. Country Club of Columbus, Inc., 129 F.3d 551, 553 (11th Cir. 1997) (determining that evidence was sufficient to sustain employee's constructive discharge claim against summary judgment where

5

employee was "[s]tripped of all responsibility, given only a chair and no desk, and isolated from conversations with other workers").  Thus, the district court also did not err in granting summary judgment to the EPA on this claim.

**AFFIRMED.**