Lenitamae SMITH, Plaintiff

v.

MIAMI–DADE COUNTY, Defendant.

Case No. 13–cv–21986–UU.

United States District Court,
S.D. Florida.

Signed May 8, 2014.

Filed May 9, 2014.

Jennifer E. Daley, William Robert Am-long, Alison Leigh Churly, Amlong & Am-long, P.A., Fort Lauderdale, FL, for Plaintiff.

Ezra Saul Greenberg, Miami, FL, for Defendant.

### *ORDER*

URSULA UNGARO, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment, (D.E. 88), and Plaintiff's Motion for Partial Summary Judgment, (D.E. 92).

THE COURT has considered the motions and the pertinent portions of the record, and is otherwise fully advised in the premises. The motions have been fully briefed, and are ripe for determination.

### BACKGROUND

The following facts are not in dispute unless otherwise indicated:

The Miami–Dade Transit Department ("MDT") hired Plaintiff as a part-time bus operator on December 5, 2005. Parties' Statement of Facts (D.E. 89 and 115) at ¶ 15. In 2006, Plaintiff reported late to work three times, and called in sick eight times in a period of fifteen days. *Id.* at ¶ 18. Plaintiff then went on medical leave in January of 2007 due to a work-related accident, and remained on leave until November 20, 2007, when she was fired due to her long-term absenteeism and tardiness. *Id.* at ¶¶ 17, 25, 31.

On November 17, 2008, Plaintiff brought a workers' compensation claim against MDT. *Id.* at ¶ 32. That claim was settled on September 23, 2009. *Id.* at ¶ 35. The settlement included an anti-suit provision prohibiting Plaintiff from bring suit on any issue arising or allegedly arising out of the accident. Plaintiff's Release of Claims (D.E. 22–1) at ¶ 22.

Almost a year later, on August 23, 2010, Plaintiff reapplied for her former position

as a part-time bus driver with MDT. *Id.* at ¶ 52. MDT rejected Plaintiff's application due to her previous long-term absenteeism and tardiness, and declined Plaintiff's subsequent November and December 2011 requests for reconsideration of her application. *Id.* at ¶¶ 61, 63, 80.

On June 3, 2013, Plaintiff filed this action, alleging that MDT's failure to rehire her due to discrimination in violation of the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA"). D.E. 1. MDT then filed a counter-claim against Plaintiff, alleging that her filing suit was a breach of the anti-suit provision of the settlement agreement. D.E. 22.

On October 11, 2013, Plaintiff amended her complaint, clarifying that her ADA and FCRA claims were predicated on theories of both disparate treatment and disparate impact. D.E. 28. She also added to the complaint a retaliation claim, alleging that MDT's counter-claim constituted retaliation in violation of the ADA. *Id.* The Court subsequently dismissed Plaintiff's disparate treatment and retaliation claims without prejudice for failure to state a claim. D.E. 72. MDT now moves for summary judgment seeking dismissal of Plaintiff's disparate impact claims and judgment in its favor on its breach of contract claim. Plaintiff cross-moves for summary judgment on MDT's breach of contract claim.[1]

### LEGAL STANDARD

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The Supreme Court explained in *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), that when assessing whether the movant has met this burden, the court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion.

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the nonmoving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Poole v. Country Club of Columbus, Inc.,* 129 F.3d 551, 553 (11th Cir.1997); *Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir. 1989).

 If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Envtl. Def. Fund v. Marsh,* 651 F.2d 983, 991 (5th Cir.1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.,* 420 F.2d 1211, 1213 (5th Cir.1969). If reasonable minds might differ on the inferences arising from undisputed facts then the court should deny summary judgment. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.,* 669 F.2d 1026,

---

1. While Plaintiff also moves for summary judgment in her favor on her retaliation claim, that claim was dismissed, albeit without prejudice, by the Order that appears at D.E. 72.

1031 (5th Cir.1982); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[T]he dispute about a material fact is 'genuine,' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes,* 398 U.S. at 160, 90 S.Ct. 1598. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg,* 370 F.2d 605, 611–12 (5th Cir.1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the nonmoving party. *Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. 2505.

## ANALYSIS

### Disparate Impact Claims

 Disability discrimination claims brought under the FCRA are analyzed under the ADA framework. *Greenberg v. BellSouth Telecomm., Inc.,* 498 F.3d 1258, 1263–64 (11th Cir.2007). To succeed on a disparate impact claim under the ADA, a plaintiff must prove that a particular facially neutral employment practice caused a "significant discriminatory effect." *Stephen v. PGA Sheraton Resort, Ltd.,* 873 F.2d 276, 279 (11th Cir.1989). And to establish a prima facie case that a particular employment practice had a disparate impact on a protected group, a plaintiff must: (1) "identify the specific employment practice that allegedly has a disproportionate impact"; and (2) "demonstrate causation by offering statistical evidence sufficient to show that the challenged practice has resulted in prohibited discrimination." *Spivey v. Beverly Enterprises, Inc.,* 196 F.3d 1309, 1314 (11th Cir.1999). The statistical disparities must be "sufficiently substantial that they raise an inference of causation." *Armstrong v. Flowers Hosp., Inc.,* 33 F.3d 1308, 1314 (11th Cir.1994) (quoting *Watson v. Ft. Worth Bank and Trust,* 487 U.S. 977, 995, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988)); *Schwarz v. City of Treasure Island,* 544 F.3d 1201, 1217 (11th Cir.2008) (interpreting the ADA).

 In this case, Plaintiff challenges Defendant's policy of failing to rehire former employees with previous long-term absences while working for Defendant. But Plaintiff fails to proffer anything close to the type of statistical evidence required to make a prima facie case of a disparate impact. The only evidence of a disparate impact presented is evidence that Plaintiff herself was denied employment under the policy. Plaintiff has not conclusively established that she was disabled. But even if she had, evidence that one disabled person was adversely affected by a particular employment practice is not sufficient to create a prima facie case of a disparate impact under the ADA. *See, e.g., Armstrong v. Flowers Hosp., Inc.,* 33 F.3d 1308, 1315 (11th Cir.1994) (finding that the plaintiff failed to proffer sufficient evidence of a disparate impact when she identified only two protected persons who were affected by the challenged policy); *Schwarz v. City of Treasure Island,* 544 F.3d 1201, 1217 (11th Cir.2008) (requiring statistical evidence to prove a prima face case of a disparate impact on disabled persons); *Corbin v. Town of Palm Beach,* 13–80106–CIV, 2014 WL 866415 (S.D.Fla. Mar. 5, 2014) (same).

In short, after months of discovery, Plaintiff at most proffers evidence that one

disabled person was adversely affected by Defendant's rehire policy. That is insufficient. Accordingly, Plaintiff fails to demonstrate the existence of a genuine issue as to whether Defendant's rehire policy had a disparate impact on disabled persons, and her disparate impact claims thus fail as a matter of law.

*Breach of Contract Claim*

■ A district court has discretion to decline to exercise supplemental jurisdiction over state law claims where: (1) there are no longer any claims over which the court has original jurisdiction; or (2) the claim raises novel or complex issues of State law. 28 U.S.C. § 1367(c). Here, the only claim over which the Court has original jurisdiction is no longer pending. And Defendant's breach of contract claim raises novel and complex issues of Florida law, including issues related to the interpretation of contracts. Accordingly, the Court declines to exercise supplemental jurisdiction over Defendant's breach of contract claim.

## CONCLUSION

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion, (D.E. 88), is GRANTED IN PART and DENIED IN PART, and Plaintiff's Motion, (D.E. 92), is DENIED. Summary Judgment is granted in favor of Defendant as to Plaintiff's Disparate Impact Claims (Counts IV–VI). Defendant's Breach of Contract Claim is DISMISSED WITHOUT PREJUDICE. Further, Parties' Motions in Limine, (D.E. 90, 91, and 96), are DENIED AS MOOT.