Cleo L. WARING, Plaintiff,

v.

MIAMI–DADE COUNTY, Defendant.

Case No. 1:15–cv–21398–UU

United States District Court,
S.D. Florida.

Signed March 22, 2016

Entered March 23, 2016

Andrew Martin Feldman, Feldman Law, Miami, FL, Neil David Kodsi, The Law Offices of Neil D. Kodsi, Plantation, FL, for Plaintiff.

Javier Joseph Zapata, Miami, FL, for Defendant.

### ORDER

URSULA UNGARO, UNITED STATES DISTRICT JUDGE

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (D.E.23) and Plaintiff's Motion in Limine and Incorporated Memorandum of Law (D.E.27).

THE COURT has reviewed the Motions, the pertinent portions of the record and is otherwise fully advised of the premises.

### BACKGROUND

On April 13, 2015, Plaintiff, Cleo L. Waring ("Plaintiff") filed this action against Defendant, Miami–Dade County ("Defendant"), for claims arising under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.* ("FCRA"). On January 15, 2016, Defendant filed its Mo-

tion for Summary Judgment, arguing that it is entitled to summary judgment as a matter of law because Plaintiff failed to timely file her Complaint pursuant to the requirements under Title VII. D.E. 23. In response, Plaintiff argues that she did not have physical possession of the Equal Employment Opportunity Commission's ("EEOC") Right to Sue letter until March 18, 2015, and therefore, her suit was timely filed within the 90–day time period. D.E. 28. Because the Court finds that Plaintiff failed to timely file her Complaint under Title VII, the Court will not address the merits of Defendant's Motion for Summary Judgment. The relevant undisputed facts pertaining to the timeliness of this action are addressed below.

### A. Plaintiff's Employment

Plaintiff was employed by Defendant from 1994–2013. D.E. 1 ¶¶ 15, 37; Aff. Waring ¶ 3. Specifically, Plaintiff worked in the Miami–Dade Parks, Recreation, and Open Spaces Department ("MDPROS") throughout her employment. Id. On April 13, 2010, Plaintiff served as a witness in a sexual harassment case filed by a co-worker against one of Plaintiff's supervisors. D.E. 1 ¶ 17; D.E. 22–2. On May 4, 2010, Plaintiff received a letter from MDPROS Human Resources informing her that she was being temporarily reassigned to another location. D.E. 22–4. Plaintiff was terminated from her employment with Defendant in August 2013. Waring Dep. 161:3–6.

### B. Timeliness of Plaintiff's Complaint under Title VII

Prior to her termination, Plaintiff filed her Notice of Charge of Discrimination against Miami–Dade County Parks Department with the EEOC on May 13, 2010. D.E. 22–2. Plaintiff filed the Charge of Discrimination in person at the EEOC's Miami office. Waring Dep. 88:15–17. In her Charge, Plaintiff contends that she

was transferred to another location, which was located over an hour away from her home, in retaliation for serving as a witness to her co-worker's sexual harassment complaint. D.E. 22–2.

In 2011, while her case was pending, Plaintiff called the EEOC investigator assigned to her case to inform her of address changes on at least two occasions. Waring Dep. 93:14–23; 96:12–17. On August 9, 2012, the EEOC issued its Letter of Determination to Plaintiff and mailed the letter to Plaintiff's address at 24546 SW 108th Place Homestead, Florida 33032. D.E. 28–2; Waring Dep. 97:12–23. This was sent Plaintiff's correct address at the time. Id. According to Plaintiff, she received the EEOC's Letter of Determination in the "latter part of 2012 or the early part of 2013." Waring Dep. 97:18–21.

On February 26, 2013, the EEOC terminated its investigation of Plaintiff's Charge and mailed Plaintiff a Notice of Right to Sue Within 90 Days letter. D.E. 22–11. The letter was addressed to Plaintiff, but it was mailed to 6960 NW 21st Avenue, Miami, Florida 33147, an address where Plaintiff no longer lived. D.E. 22–11; Waring Dep. 90–92. Plaintiff testified that she spoke with the EEOC investigator about this Right to Sue letter in the beginning of 2013. Waring Dep. 106:15–16. At that time, the EEOC investigator informed Plaintiff that the February 26, 2013 letter was returned unclaimed because it was sent to the wrong address. Id. at 105:21–25. According to Plaintiff, "when [I] spoke with the EEOC in 2013 and 2014, I only knew that they were trying to mail me something that would give me the right to file a lawsuit and that I couldn't file a lawsuit until I got that letter." Aff. Waring ¶ 20. Plaintiff also testified that she spoke with the EEOC investigator in 2014 while she was trying to obtain a new Right to Sue letter. Waring Dep. 107:4–12.

On March 17, 2015, the EEOC issued another Right to Sue letter. D.E. 28–7. According to the Acknowledgment contained within the Notice, the EEOC's initial February 26, 2013 Right to Sue letter was returned unclaimed on March 20, 2013 because it was mailed to an incorrect address. *Id.* A written request from the Miami EEOC office on January 13, 2015 resulted in the re-issuance of the Right to Sue letter, which was sent to Plaintiff's correct address on January 26, 2015. D.E. 28–7. This letter was also returned unclaimed on February 18, 2015. *Id.* Plaintiff requested a third issuance of the Right to Sue letter, which was issued on March 17, 2015. *Id.* On March 18, 2015, Plaintiff went to the EEOC's Miami office in person to obtain a copy of the Right to Sue letter. D.E. 28–4 ¶ 21. Plaintiff filed her Complaint against Defendant on April 13, 2015. D.E. 1.

### *LEGAL STANDARD*

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When determining whether the moving party has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Rojas v. Florida,* 285 F.3d 1339, 1341–42 (11th Cir.2002).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a showing sufficient to establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Poole v. Country Club of Columbus, Inc.,* 129 F.3d 551, 553 (11th Cir.1997); *Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

If the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *Envntl. Def. Fund v. Marsh,* 651 F.2d 983, 991 (5th Cir.1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.,* 420 F.2d 1211, 1213 (5th Cir.1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the Court should deny summary judgment. *Impossible Elec. Techs., Inc. v. Wackenhut Protective Sys., Inc.,* 669 F.2d 1026, 1031 (5th Cir.1982); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[T]he dispute about a material fact is 'genuine' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.")

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes,* 398 U.S. at 160, 90 S.Ct. 1598. The moving party must demonstrate that the facts underlying the relevant legal questions raised by the pleadings or are not otherwise in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg,* 370 F.2d 605, 611–12 (5th Cir.1967). The Court must resolve all ambiguities and

draw all justifiable inferences in favor of the nonmoving party. *Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. 2505.

## ANALYSIS

In its Motion for Summary Judgment, Defendant assumes the position that under Eleventh Circuit precedent, a complainant's actual knowledge that the investigation of her claim has been terminated is sufficient to cause the time for filing to begin running. D.E. 31; *see Kerr v. McDonald's Corp.,* 427 F.3d 947 (11th Cir. 2005). Defendant insists that Plaintiff's failure to obtain a physical copy of the letter until March 2015 is not relevant; rather, the time for the filing of Plaintiff's Complaint began in 2012 or 2013, as soon as Plaintiff obtained actual notice that the EEOC concluded its investigation. *Id.* In response, Plaintiff argues that the time for the filing of her Complaint was tolled because the EEOC mailed the letter to the incorrect address even though the EEOC was in possession of Plaintiff's correct address. D.E. 29. Plaintiff further argues that Defendant waived its timeliness argument, and the circumstances justify equitable tolling of the statute of limitations. *Id.*

■ Before instituting a Title VII action in a federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge. *Forehand v. Fla. State Hosp. at Chattahoochee,* 89 F.3d 1562, 1567 (11th Cir.1996) (citing *Pinkard v. Pullman–Standard,* 678 F.2d 1211, 1215 (5th Cir. Unit B 1982)). If, after the expiration of 180 days, the charge has not been dismissed and no other action has been taken by the EEOC, the EEOC is required to notify the claimant and that claimant may bring suit in district court within 90 days thereafter. *Forehand,* 89 F.3d at 1567 (citing 42 U.S.C. § 2000e–5(f)(1)). To maintain an action under Title VII, a plaintiff has the initial burden of establishing that she filed the Complaint within ninety days of receipt of the EEOC's right-to-sue letter. *Green v. Union Foundry Co.,* 281 F.3d 1229 (11th Cir.2002) (citing 42 U.S.C. 42 U.S.C. § 2000e–5(f)(1)). Once the defendant contests this issue, the plaintiff has the burden of establishing that she met the ninety-day filing requirement. *Id.* (citing *Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1010 (11th Cir. 1982)).

■ The Eleventh Circuit Court of Appeals has determined that the ninety-day limitations period is to be analyzed "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimal responsibility in resolving their claims without conditioning a claimant's right to sue ... on fortuitous circumstances or events beyond [her] contract[.]" *Zillyette v. Capital One Fin. Corp.* 179 F.3d 1337, 1340 (11th Cir.1999). Generally, "statutory notification is complete only upon actual receipt of the right to sue letter." *Kerr v. McDonald's Corp.,* 427 F.3d 947, 952 (11th Cir.2005) (citing *Franks v. Bowman Transp. Co.,* 495 F.2d 398, 404 (5th Cir.1974)). However, the Eleventh Circuit has adopted a test where "actual knowledge on the part of the complainant that the EEOC has terminated its investigation of her claim, as evidenced by [a] request for an [right-to-sue] letter, may be sufficient to cause the time for filing to begin running within a reasonable time after written notice of complainant's right to sue has been mailed." *Kerr,* 427 F.3d at 954.

■ In this case, even when viewing the record evidence in the light most favorable to Plaintiff, the only reasonable conclusion that can be drawn from the record is that Plaintiff failed to file her lawsuit within the 90–day period required by law. It is un-

disputed that Plaintiff did not file her lawsuit until April 13, 2015. D.E. 1. Plaintiff initially filed her Charge of Discrimination with the EEOC on May 13, 2010, nearly five years prior to the filing of this action. D.E. 22–2. While it is undisputed that the EEOC's initial Right to Sue letter dated February 26, 2013 was sent to Plaintiff at an incorrect address (D.E. 22–11; Waring Dep. 90–92), it is also undisputed that Plaintiff spoke with the EEOC investigator in the beginning of 2013 about the fact that the Right to Sue letter was returned unclaimed because it was sent to an incorrect address. Waring Dep. 106:15–16.

Although Plaintiff was evasive in her deposition as to the precise date when she learned of the right to sue letter, Plaintiff testified that throughout 2013 and 2014, she spoke with the EEOC about her Right to Sue letter. Waring Dep. 106:15–16. In Plaintiff's own words, she "knew that [the EEOC was] trying to mail [her] something that would give [her] the right to file a lawsuit and that [she] couldn't file a lawsuit until [she] got that letter." Aff. Waring ¶ 20. Even assuming that Plaintiff did not learn of the Right to Sue letter until December 31, 2014, which is contradicted by her own testimony, the 90–day time period would still have expired prior to Plaintiff's filing of her Complaint. In addition, the record is silent as to what happened to the EEOC's second issuance of the Right to Sue letter on January 13, 2015, which *was* sent to Plaintiff's correct address. Under this best case scenario, Plaintiff's Complaint was still untimely filed. Plaintiff's argument that the EEOC's mailing of the letter to an incorrect address justifies the tolling of this action is disingenuous and is not supported by the record evidence.

In *Kerr v. McDonald's Corporation*, the Eleventh Circuit Court of Appeals held that the ninety-day limitations period for the filing of a complaint begins to run within reasonable time after the plaintiff employees have actual knowledge that the EEOC has terminated its investigation of claims. 427 F.3d 947, 947. The Court found that "[t]he date of actual receipt is material to the summary judgment analysis only if there was no adequate notice prior to actual receipt." *Id.* at 952. In addition, the Court found that in failing to make any inquiry regarding their late or missing letters, failing to assume the minimal responsibility or to put forth the minimal effort necessary to resolve their claims, the plaintiffs in *Kerr* benefited from exactly the kind of "manipulable open-ended time extension" that caused the Court concern in past EEOC cases. *Id.* at 953 (citing *Franks v. Bowman Transp. Co.*, 495 F.2d 398, 404 (5th Cir. 1974); *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1340 (11th Cir.1999)).

In responding to Defendant's Statement of Material Facts, Plaintiff's position that she "did not know what a 'Right to Sue' letter was until she actually received it in 2015" (D.E. 28 ¶¶ 68–70) is contradicted by her Affidavit, where she attests she knew the letter would give her "the right to file a lawsuit." D.E. 28–4 ¶ 20. Nevertheless, in filing a Charge of Discrimination pursuant to Title VII, a plaintiff should and must be held accountable in the resolution of their claims. The record is silent as to Plaintiff's justification for her having failed to retrieve the letter until March 2015, and if Plaintiff's case were to go forward despite her lack of diligence in prosecuting this case, it would result in the exact "manipulable open-ended time extension" that the Eleventh Circuit has forewarned against. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (D.E.23) is GRANTED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine and Incorporated Memorandum of Law (D.E.27) is DENIED AS MOOT.

ORDERED AND ADJUDGED that this case is CLOSED for administrative purposes. DONE AND ORDERED in Chambers at Miami, Florida, this 22d day of March, 2016.